IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVAN HEMINGWAY, | : | CIVIL ACTION NO. **4:CV-07-1764** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RICH ELLERS, | : | |
| | : | |
| Defendant | : | |

## <u>MEMORANDUM AND ORDER</u>

## I. Background.

On September 27, 2007, Plaintiff, Sylvan Hemingway, formerly an inmate at the State Correctional Institution at Rockview ("SCI-Rockview"), Bellefonte, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983.[1]   Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Doc. 2).[2]   Plaintiff's claim was set forth, in part, on a form § 1983 complaint which this Court routinely provides to *pro se* litigants.  Plaintiff also included with his Complaint  four handwritten pages as continuation sheets for his statement of claims. We have previously numbered these four continuation pages as pages 2-A through 2-D for identification purposes.  Plaintiff also attached a handwritten continuation page to his request for relief which we have previously labeled as page 4.  *See* Doc. 1.

In his form Complaint, the Plaintiff indicated that he filed a grievance regarding his claims contained in his complaint but that he did not exhaust the grievance procedure available at SCI-

---

[1]Plaintiff is currently an inmate at SCI-Cresson, Cresson, PA.  However, during all relevant times of this case, Plaintiff was confined at SCI-Rockview.

[2]Plaintiff attached two Exhibits to his Complaint.  (Doc. 1, Exs. A and B).

Rockview.  (Doc. 1, p. 1, ¶ II. A.-C.).  Plaintiff stated that he did not complete the grievance process since "Plaintiff [was] threatened with retaliation if he followed through [with his grievance]."  (*Id*.).[3]

We reviewed the Plaintiff's pleading pursuant to the Prison Litigation Reform Act of 1995[4] (the "PLRA"), and on November 8, 2007, we issued a Report and Recommendation ("R&R") wherein we found that it failed to state an Eighth Amendment deliberate indifference claim for failure to protect against all party defendants under § 1983.  We found only an Eighth Amendment claim stated for failure to provide proper medical care as to Defendant Ellers.  (Doc. 8).  On December 3, 2007, the District Court entered an Order and adopted our R&R, and held that the Plaintiff was not able to maintain this action as against all of the named Defendants, except for Defendant Ellers and his inadequate medical care claim.  (Doc. 10).

Sole remaining Defendant Rich Ellers was the Health Care Administrator ("HCA") at SCI-Rockview, and Plaintiff alleged that after the October 15, 2005 assault on him by another inmate, Ellers failed to order the proper medical care for him.

Defendant Ellers was served with Plaintiff's Complaint, and he filed his Answer with Affirmative Defenses on February 11, 2008.  (Doc. 20).[5]

---

[3]The Third Circuit in *Banks v. Roberts*, 2007 WL 3096585 (3d Cir. 2007) (Non-Precedential) recently reiterated that there is no futility exception to the mandatory PLRA exhaustion requirement.  Further, we note that while Plaintiff claims that he did not fully exhaust his available administrative remedies for fear of retaliation, he was able to file the instant action notwithstanding the alleged threat of retaliation.

[4]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[5]Defendant's nineteenth Affirmative Defense is that Plaintiff's action should be dismissed since he failed to exhaust his administrative remedies as required by the PLRA.  (Doc. 20, p. 7).

Following discovery, Defendant Ellers filed a Summary Judgment Motion on May 12, 2008. **(Doc. 30).** Defendant filed his Brief in support of his Summary Judgment Motion, as well as his Statement of Facts ("SMF") with attached Exhibits, on May 27, 2008. (Docs. 32 and 33). Plaintiff was granted extensions of time to file his opposition Brief to Defendant's Summary Judgment Motion. (Docs 43 and 48).   Specifically, by Order of June 20, 2008 (Doc. 43), the Court afforded Plaintiff additional time, until July 3, 2008, to file his Brief in opposition to Defendant Ellers' Summary Judgment Motion.  However, Plaintiff failed to file his opposition Brief.

On July 7, 2008, the Court again gave Plaintiff additional time (until July 21, 2008) to file his opposition Brief to Defendant Ellers' Summary Judgment Motion.  (Doc. 48). The Court stated that if Plaintiff failed  to timely file his opposition brief, this Court would deem Defendant's Summary Judgment Motion as unopposed under Local Rule 7.6, M.D. Pa.

Plaintiff again failed to timely file his opposition brief to Defendant's Summary Judgment Motion as directed by the Court's July 7, 2008, Order. Plaintiff did not file his opposition Brief to Defendant's Summary Judgment Motion, and the final extension of time to do so has lapsed. Thus, the Court will deem Plaintiff as not opposing Defendant's Summary Judgment Motion pursuant to Local Rule 7.6, M.D. Pa.

As mentioned, Plaintiff has neither filed his opposition Brief nor requested another extension of time in which to do so.  The Court also notes that it has received various filings from the Plaintiff since the Defendant's Summary Judgment Brief was filed on May 12, 2008, such as Plaintiff's filings Docs. 34-37.  Thus, Plaintiff clearly had the ability to file his opposition Brief to Defendant's Summary Judgment Motion.  In fact, as recently as July 30, 2008, Plaintiff filed exhibits with no

brief. (Doc. 52).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added).  In the instant case, Plaintiff has failed to both prosecute his action and to comply with  Orders  of the Court by his failure to file his opposition brief to Defendant's Summary Judgment Motion as directed.   Plaintiff is deemed as abandoning his action.  *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

However, the Court will not grant Defendant's Summary Judgment Motion solely on the basis of Plaintiff's failure to timely file opposition brief to Defendant's Summary Judgment Motion, for Plaintiff's  failure to oppose Defendant's stated Motion, and for his failure to comply with Orders of the Court.  As discussed below, the Court also finds merit to Defendant's Summary Judgment Motion insofar he argues that Plaintiff did not exhaust his DOC Administrative Remedies with respect to his present Eighth Amendment claim.

On July 30, 2008, Plaintiff filed Exhibits pertaining to his medical records  for treatment he received outside of the prison after the October 15, 2005 assault incident at SCI-Rockview.  The first medical report was from Mount Nittany Medical Center, State College, Pennsylvania, dated October 15, 2005, and related to Plaintiff's treatment after he was taken from SCI-Rockview to the Medical Center.  Plaintiff was then flown by helicopter to Altoona Regional Hospital, and his second medical report is from this Hospital dated October 15, 2005.  Plaintiff's Ex. A is a consultation medical report from Altoona Hospital dated October 16, 2005. (Doc. 52).  Plaintiff's Exhibits relate to his medical care he received at private hospitals after the October 15, 2005 incident at SCI-

Rockview, but they do not relate to the challenged medical care Defendant Ellers was responsible for providing Plaintiff with after his return to the prison. Plaintiff also included with his Exhibits, a copy of one page of Defendant Ellers' Declaration (page 4) which was submitted by Defendant as Ex. 3 attached to his SMF. (Doc. 33).

Despite filing Exhibits, Plaintiff did not file his opposition Brief to Defendant Ellers' Summary Judgment Motion even though he was given more than ample time within which to do so. Defendant Ellers' Summary Judgment Motion is now ripe for disposition.[6]

## II. Allegations of Complaint.

Plaintiff alleges that on October 15, 2005, at 10:00 a.m., he was returning from chapel at SCI-Rockview, and he was viciously assaulted by another inmate, namely Defendant "inmate Doe AKA Ja-Ja."[7] (Doc. 1, pp. 2-A-2-B). Plaintiff states that the assault occurred in an area of the prison that was supposed to be under the observation and control of a correctional officer ("CO"), namely Defendant CO Doe. Plaintiff avers that during the assault, there was no response from the CO on duty. (*Id.*, p. 2-B). Plaintiff indicated that the assault occurred on the prison's walkways. Plaintiff avers that the inmate (Ja-Ja) used a lock attached to a belt as a weapon to beat him and that inmate Ja-Ja also used his boots to kick Plaintiff in the head and face. Plaintiff states that he was beaten "for a considerable length of time." (*Id.*). After the assault, Plaintiff was resuscitated by the shift

---

[6]The parties have consented to proceed for all matters before the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 24).

[7]Previously, we recommended that Defendant inmate Doe be dismissed from this 1983 action since he was not a state actor and he was not alleged to have been an agent of the state. The District Court adopted this recommendation. (Docs. 8 and 10).

commander and he was then "life flighted" to Altoona Hospital.   Plaintiff states that he was intubated and placed on a ventilator.   Plaintiff states that he was in a coma and that on October 20, 2005, he regained consciousness in the hospital.   About two days later, Plaintiff states that he was returned to SCI-Rockview.[8]   Plaintiff states that he was placed in the prison infirmary, which he avers was known as a "hard cell," with only a flat steel bed, a toilet and sink combination, and a desk.   Plaintiff avers that there was little or no heat in the infirmary.   Plaintiff admits that he saw a prison doctor once a day and states that he only saw nurses infrequently.

One week after being in the infirmary, Plaintiff states that he was moved to an "observation cell" in the back of the infirmary.   Plaintiff avers that he was "more or less forgotten about for some ten (10) days, until his constant complaint of head pain got him moved back to the original 'hard cell'." (*Id*.).   Plaintiff alleges that he remained in the observation cell for the duration of his stay in the infirmary.

Plaintiff essentially averred that he was not given adequate protection from the assault, that he was deprived proper medical care after the assault on him, and that his personal property was improperly packed after the assault, which resulted in a large portion of it missing.   (*Id*., pp. 2-B to 2-D).   The Complaint alleged serious harm to Plaintiff as a result of the October 15, 2005 incident as well as constant migraines, numbness in both sides of his face, spasms and burning pain from the lack of proper medical care after the assault.   Plaintiff also averred that he has lost most of his sense of smell and taste, and that he has constant tinnitus.   Plaintiff further averred he suffered memory

---

[8]Defendant's evidence indicates that Plaintiff was returned to SCI-Rockview on October 20, 2005.  (Doc. 33, Ex. 3, ¶ 16.).

loss after the attack, as well as vertigo.  (*Id.*, pp. 2-C through 2-D).

As relief, Plaintiff requested $1 million in compensatory damages due to the lack of protection from the assault.  Plaintiff also requested compensatory damages "in a like amount" for pain and suffering following the assault.  Plaintiff requested $300 for his lost property and $10,000 for punitive  damages for "the threats regarding filing of action for the loss and/or the attack itself." (*Id.*, p. 3,¶ V. 1.-3.).[9]

Plaintiff named several Defendants in this case, *i.e.* eleven (11) Defendants.  Specifically, the named Defendants were: Franklin Tennis, Superintendent, SCI-Rockview; Joel Dickson, Deputy Superintendent, SCI-Rockview; Captain Eaton, Head of Security, SCI-Rockview; Lt. Vance, Security; Officer Doe, Officer assigned to monitor area where assault occurred; Richard Ellers, Health Care Administrator; John Symons, M.D., Head Physician; Dr. Italia, Head Dentist; "Nursing Staff, et. al.;" Lt. Neoff, Property Officer; and Inmate Doe, a/k/a Ja-Ja, "perpetrator." (Doc. 1, pp. 1-2).   All Defendants, except for Inmate Doe, were employed by the Pennsylvania Department of Corrections ("PA DOC").

As discussed, in our November 8, 2007 R&R, we found insufficient personal involvement alleged as to supervisory Defendants Tennis, Dickson, Eaton and Vance regarding Plaintiff's Eighth Amendment claims.  The District Court agreed.  (Docs. 8 and 10).

---

[9]Plaintiff did not state if he sued Defendants in their personal or official capacities, or both. (Doc. 1, pp. 1-3).  To the extent Plaintiff sued the state officials in their official capacities and sought monetary damages, his action is barred by the Eleventh Amendment.  *See Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential).

Thus, Plaintiff alleged that on October 15, 2005, he was assaulted by inmate "Ja-Ja," that Defendants did not take steps to ensure security in the prison area where the attack occurred, and that Defendant CO Doe failed to monitor the area in question.  (Doc. 1, Supple. p. 2-A).  As to the four (4) SCI-Rockview supervisory Defendants, namely, Tennis, Dickson, Eaton and Vance, Plaintiff did not state any of their personal involvement with respect to his Eighth Amendment claims.  Nor did Plaintiff state the personal involvement of any specific prison nursing staff individual with respect to his Eighth Amendment denial of proper medical care claim.  Finally, as to Defendant Lt. Neoff, Plaintiff seemed to claim that Neoff failed to properly supervise the CO's who packed his personal property after the assault, and that Neoff improperly allowed his cellmate to do it unsupervised, which caused a large portion of his property to be stolen by other inmates.  (Doc. 1, p. 2-A).

We found that, while Plaintiff may have stated an Eighth Amendment claim against Defendant Doe for not taking sufficient steps to prevent the attack on him, and for failing to monitor the area during the attack, he did not state any claim against the remaining Defendants for failing to protect him.[10]   Further, Plaintiff admitted that Medical Defendants, Ellers, Symons and

---

[10]Plaintiff's Ex. A attached to his Complaint was  the DOC Inmate Handbook 2005 Edition cover page, which states that part of the DOC's mission is to protect the safety of inmates.  To the extent that Plaintiff sought to rely upon the DOC Handbook to show that Defendants violated his constitutional rights, as we previously noted, violations of DOC policies do not rise to the level of Constitutional claims. *See Mercy Catholic Med. Ctr. v. Thompson,* 380 F.3d 142, 154 (3d Cir. 2004); *Whitcraft v. Township of Cherry Hill,* 974 F.Supp. 392, 398 (D.N.J. 1996)(citing  *Daniels v. Williams,* 474 U.S. 327, 332-33, 106 S.Ct. 662, 665-66, 88 L.Ed.2d 662 (1986); *Edwards v. Baer,* 863 F.2d 606, 608 (8th Cir.1988); *Jones v. Chieffo,* 833 F.Supp. 498, 505-506 (E.D.P.a.1993)).

Italia, provided him with medical care, but he claimed that it was not sufficient. Serious and permanent injuries were alleged by Plaintiff as a result of the assault and the lack of proper medical care.

As relief, Plaintiff sought compensatory damages for the lack of supervision on the walkways and for the physical injuries and pain that he suffered from the attack on him by Inmate Doe, as well as damages for his lost personal property. (*Id.*, p. 3, ¶ V.). Plaintiff sought punitive damages for the alleged "threats regarding filing of action for the loss [of personal property] and/or attack itself." (*Id.*).

### III. Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[11] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

---

[11]Plaintiff alleged in his pleading that all Defendants, except for Inmate Doe, were employees of SCI-Rockview. (Doc. 1, p. 2). This was sufficient to show that these Defendants were state agents. However, Defendant "Nursing Staff et. al." was not a person and was not subject to suit in this § 1983 action.

As stated, Plaintiff styled his action as one under § 1983.  Plaintiff must allege the personal involvement of the Defendant in the violation of a Constitutional right.  It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id*.  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id*.  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability.  *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983).

## IV.  Motion for Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  The court may grant a motion for summary judgment

if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.   Fed.R.Civ.P. 56(c).   An issue of fact is "`genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem*. 725 F.2d 667 (3d Cir. 1983).   Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988).   In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor.   *Id*., *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Moreover, the Third Circuit has recently indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in

the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

## V.  Statement of Material Facts.

As stated, Defendant Ellers properly filed his Rule 56.1 SMF in support of his Summary Judgment Motion (Doc. 33), and he has properly cited to evidence in the record with respect to each of his statements contained therein (¶'s 1.-34.). The Court will deem the facts stated in Defendant's SMF (*Id*.) as admitted since Plaintiff has failed to file his paragraph-by-paragraph response to Defendant's SMF, and he has been afforded ample opportunity in which to do so.  Nor has Plaintiff filed his brief opposing Defendant's Summary Judgment Motion as he was directed to do.  As stated, Plaintiff did submit Exhibits including records concerning his medical care at Mount Nittany Hospital and Altoona Hospital immediately after the October 15, 2005 incident at SCI-Rockview.   However, Plaintiff did not file any brief along with his Exhibits, and he did not specify his  opposition to any of the facts Defendant stated in his SMF.  (Doc. 52).  In any event, the Court does not find that Plaintiff's Exhibits dispute any of Defendant's SMF.   Further, Plaintiff's Exhibits do not even relate to any alleged improper medical care by Defendant Ellers.  In fact, Plaintiff's own Exhibits show that he was properly brought to the Mount Nittany Hospital and then life flighted to the Altoona Hospital immediately after the October 15, 2005 incident at SCI-Rockview.   Plaintiff's Exhibits do not reference any medical care Plaintiff received after he was returned to SCI-Rockview. Moreover, Plaintiff's Exhibits (Doc. 52) actually support ¶'s 18.-22. of Defendant's SMF (Doc. 33).

In the case of *Barthalow v. David H. Martin Excavating, Inc.*, 2007 WL 2207897, * 1, n. 5, (M.D. Pa. 2007), this Court noted:

> The Middle District of Pennsylvania's Local Rule of Court 56.1 provides that a summary judgment motion must include a separate concise statement of material facts. M.D. Pa. Local R. 56.1. The rule also requires that an opposition to a summary judgment motion must similarly include a statement that "responds to the numbered paragraphs set forth in [the moving party's concise statement of material facts], as to which it is contended that there exists a genuine issue to be tried." *Id.* Moreover, "[a]ll material facts set forth in [the moving party's statement] will be deemed to be admitted unless controverted by the [opposing party's statement]. " *Id.* Only the first fourteen paragraphs set forth in Barthalow's opposing statement of facts (Doc. 27) correspond to those in DHM's (Doc. 22). Barthalow's paragraphs fifteen through twenty appear to set forth separate statements of fact and the Rule 56.1 statement as a whole does not provide clear responses to paragraphs fifteen through forty of DHM's statement. Accordingly, the court will deem the facts in paragraphs fifteen through forty of DHM's statement to be admitted.

*See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D.Pa.2006)  ("it appearing that defendants' statement of material facts was properly deemed admitted by plaintiff *see* L.R. 56.1 providing that the moving party's statement of material facts will be deemed admitted unless the non-moving party specifically contradicts the statement").

The Court agrees with Defendant Ellers and finds that his Summary Judgment Motion should be granted with respect to Plaintiff's Eighth Amendment claim since Plaintiff failed to exhaust his DOC Administrative Remedies.  The Court also finds that Plaintiff Hemingway, by failing to file a response to Defendant's SMF, and by failing to  properly respond, paragraph by paragraph, to any of Defendant's SMF (Doc. 33) as required by Local Rule 56.1 M.D. Pa., is deemed as admitting all the statements comprising Defendant's SMF.[12]  As stated, while Plaintiff submitted Exhibits (Doc.

---

[12]We note that Plaintiff Hemingway has been sent copies of the pertinent Local Rules of this Court (M.D. Pa.). (Doc. 4).

13

52), he did not respond to any of Defendant's SMF filed in support of Defendant's Summary Judgment Motion. Also, as discussed, Plaintiff's Exhibits do not dispute any of Defendant's SMF. Thus, Plaintiff has failed to properly respond to any of the Defendant's SMF (Doc. 33, pp. 1-7) as he was required to do by Rule 56.1.

Since the SMF of Defendant Ellers is extensively supported by his evidence (Doc. 33, pp. 9-79), and since Plaintiff has not properly responded to them, the Court shall accept all of Defendant's SMF as undisputed. The Court shall incorporate Defendant's SMF herein by reference and shall not repeat them herein. (Doc. 33, pp. 1-7).[13] Further, since Defendant has supported his SMF (Doc. 33) by citation to the evidence (Doc. 33, pp. 9-79), and since Plaintiff has not properly disputed these SMF by offering any evidence which controverts the statements of Defendant's SMF, the Court shall adopt Defendant's SMF as its own. *See U.S. ex rel. Paranich v. Sorgnard*, 396 F. 3d 326, 330, n. 5 (3d Cir. 2005) (Under M.D. Pa. L.R. 56.1, the Third Circuit noted that the District Court adopted all the facts of one party that were not clearly disputed by the other party with sufficient citation to the record).[14] Thus, we shall not repeat herein Defendant's SMF, Doc. 33, ¶'s 1.-34. *See also Dusenbery v. U.S.*, 2006 WL 218220, * 1 (M.D. Pa. 2006).

---

[13]In our discussion below, we reference Defendant's SMF to support our finding that Plaintiff has failed to exhaust his DOC Administrative Remedies with respect to his Eighth Amendment claim against the Defendant. As stated, all of Defendant's SMF are supported by Defendant's undisputed evidence. (Docs. 33, pp. 9-79).

[14]*See also Paranich* District Court case at 286 F. Supp. 2d at 447, n. 3.

**VI. Discussion.**

In his Motion for Summary Judgment, Defendant Ellers raises three arguments, namely, that Plaintiff has failed to exhaust his administrative remedies, that he was not deliberately indifferent to Plaintiff's serious medical needs since he properly performed his duties and since the prison medical staff followed the medical care prescribed by the physician that discharged the Plaintiff from the hospital, and that Plaintiff has failed to adequately show that Defendant was personally involved in denying him proper medical care.  (Doc. 32, p. 4).

The Court has previously found, for purposes of screening, that Plaintiff stated an Eighth Amendment improper medical care claim to the extent that he alleged that Defendant Ellers reduced and discontinued his treatments following the October 15, 2005 assault incident, which in turn caused serious conditions.  In addition to contentions that Plaintiff did not exhaust his administrative remedies and that Defendant was not personally involved in Plaintiff's treatment, Defendant argues that even if he was personally involved, he cannot be found deliberately indifferent since he complied with the discharge orders and fully performed his job with respect to Plaintiff's care.  Defendant further asserts that Plaintiff was merely dissatisfied with the care he was given. (Doc. 32, pp. 11-12).

Since exhaustion is a threshold issue, the Court will first discuss the Defendant's argument that Plaintiff did not exhaust his DOC Administrative Remedies with respect to his Eighth Amendment claim.  *See Lasko v. Hendershot*, 2006 WL 2828787 at * 5, n. 3 (M.D. Pa).

### 1. Exhaustion of Administrative Remedies

As mentioned, Plaintiff indicated on the face of his pleading that he filed a grievance regarding his claims raised in his Complaint, but that he did not exhaust the grievance procedure available at SCI-Rockview.  (Doc. 1, p. 1, ¶ II. A.-C.).  Plaintiff stated that he did not complete the grievance process since "Plaintiff [was] threatened with retaliation if he followed through [with his grievance]."  (*Id*.).  As stated, Plaintiff alleged that he received "threats regarding filing of action for the loss [personal property] and for the attack itself."  (*Id.,* p. 3).  Plaintiff did not claim that he was threatened if he pursued a grievance against Defendant Ellers for lack of proper medical care after the October 15, 2005 assault incident.

Defendant's first argument in support of his Summary Judgment Motion is that Plaintiff failed to exhaust his available DOC Administrative Remedies with respect to his Eighth Amendment claim asserted against Defendant.  (Doc. 32, pp. 4-8).

As Defendant recognizes (Doc. 32, pp. 5-6), it is well-settled that the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit.  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Id. Woodford v. Ngo,* 126 S Ct. 2378 (2006); *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Fortune v. Bitner*, 2006 WL 2769158, *7 (M.D. Pa.)("The PLRA mandates that inmates 'properly' exhaust administrative

remedies before filing suit in federal court.")(citation omitted); *Oriakhi v. U.S.* 165 Fed. Appx. 991 (3d Cir. 2006); *Banks*, 2007 WL 3096585, * 1.  As stated above, there is no "futility exception to [the PLRA's] mandatory exhaustion requirement." *Id.* (citation omitted).

However, Defendant has the burden to plead exhaustion as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).  Thus, "a prisoner does not have to allege in his complaint that he has exhausted administrative remedies." *Banks v. Roberts*, 207 WL 1574771, * 5 (M.D. Pa.), aff'd. 251 Fed. Appx. 774 (3d Cir. 2007).  As stated, Defendant Ellers has asserted Plaintiff's failure to exhaust his administrative remedies with the DOC as an affirmative defense in his Answer to the Complaint.  The Court now finds that Defendant Ellers has demonstrated, through his uncontested evidence, that Plaintiff failed to exhaust his administrative remedies.  Plaintiff's allegations in his Complaint seem to indicate that he only filed a grievance regarding his claim that the prison officials did not ensure that his personal property was properly packed after he was placed in administrative custody following the October 15, 2005 attack by another inmate on him, and that a large portion of his property was missing, and that his grievance involved his claim about the attack by Inmate Doe. (Doc. 1, p. 2-D).  Plaintiff stated that he reported his missing personal property which he claims was improperly packed after the assault, but when he tried to pursue the matter "he was threatened with transfer 'to a less desirable facility'." (*Id*.).  Plaintiff stated that this was "the reason for the delay in filing the claim." (*Id*.).  On the face of his Complaint, Plaintiff admitted that he did not exhaust all of his available administrative remedies. (*Id.*, p. 1).  Plaintiff stated that he was "threatened with retaliation if he followed through with his grievance. (*Id.*).  Regardless, as stated, it is also well settled that the Defendant has the burden to plead exhaustion

as an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002)*; Jones v. Bock*, 127 S. Ct. 910 (2007).  As stated above, Defendant Ellers has pled failure of exhaustion as an Affirmative Defense in his Answer to the Complaint, and he raised this defense as his initial argument in his Brief in support of his Summary Judgment Motion.

Our Plaintiff has readily admitted that he has failed to exhaust his Administrative remedies with respect to his present claims.  Further, our Plaintiff does not claim he was threatened if he pursued the grievance process with respect to his present Eighth Amendment claim. (*Id.*, p. 3). Plaintiff simply stated that he was threatened with retaliation if he followed through on his grievance "regarding filing of action for the loss [of personal property] and/or the attack itself."  (Doc. 1, p.1 ¶ II. C., p. 3).  Defendant's evidence shows that Plaintiff's only grievance (#138425) filed with respect to the current allegations related to the October 15, 2005 assault incident at SCI-Rockview involved his missing personal property.  (Doc. 33, p. 2, ¶ 4; *See* Doc. 33, Ex. 2, ¶ 7-8).  It is also clear that this grievance had nothing to do with Plaintiff's medical care, and that it only related to Plaintiff's missing personal property that was packed while he was treated for the injuries he sustained during  the October 15, 2005 attack.  (Doc. 33, Ex. 2,  ¶ 9).

In *Barndt v. Pucci*, 2007 WL 1031509, at *2 (M.D. Pa), this Court held that prisoners are only required to exhaust administrative remedies that are available to them.  Therefore, "'[a] grievance procedure is not available even if one exists on paper if the defendant prison officials somehow prevent a prisoner from using it.'" *Id.* (quoting *Alden v. Smith*, 2005 WL 776878, at *7 (M.D. Pa.)).  In *Barndt,* the Court held that the "'[p]laintiff's declaration that prison corrections officers thwarted his access to the administrative remedy process suffices to create a genuine issue

of material fact" as it pertains to administrative remedies being available.  *Id*. at *3.  However, Plaintiff Hemingway has offered no evidence to show that the DOC Administrative Remedy procedure was unavailable to him at SCI-Rockview with respect to his Eighth Amendment claim against Defendant Ellers.  Plaintiff does not claim that he was denied grievance forms, and he does not claim that retaliation was threatened against him for filing a grievance regarding his Eighth Amendment claim against Defendant Ellers.  Rather, in his Complaint, Plaintiff seems to indicate that he only filed a grievance about his missing personal property and about the October 15, 2005 attack on him by Inmate Doe.  Further, Plaintiff only avers that when he attempted tp pursue his compliant about his missing personal property which was packed immediately after the October 15, 2005 assault incident, he was "threatened with transfer 'to a less desirable facility' ... ."  (Doc. 1, p. 2-D).

Defendant also points to his undisputed SMF, which are all supported by evidence, to demonstrate that Plaintiff did not file any grievance about his Eighth Amendment claim he asserts against Defendant in this case.  (Doc. 32, p. 7).  Defendant's uncontested SMF state as follows:

3.    Plaintiff did not file any Grievances to Final Review since the time of his injury on October 15, 2005.  *See* Exhibit1, ¶¶ 7-8.

4.    While incarcerated at SCI-Rockview Plaintiff filed only one Grievance that might concern the allegations of his Complaint.  *See* Declaration of Jeffrey Rackovan attached as "Exhibit 2", ¶ 7.  The number of that Grievance was 138425.  *See* Exhibit 2, ¶ 8.

5.      In Grievance 138425 Plaintiff complained that his
personal property was either lost or stolen while he was
being treated for injuries he sustained on October 15, 2005.
The Grievance makes no mention of Defendant Ellers.
*See* Exhibit 2, ¶ 9.

(Doc. 33, ¶'s 3.-5.).

As discussed, Plaintiff's Grievance No. 138425 dated December 15, 2005 did not mention

Defendant Ellers and it did not mention any Eighth Amendment claim against Defendant Ellers

which Plaintiff raises in his Complaint.  We agree with Defendant that he has offered evidence to

show that Plaintiff did not exhaust his administrative remedies with respect to his claim against him,

and we find that Defendant has shown through his exhibits (Doc. 33, Exs. 1 and 2) that Plaintiff

did not exhaust his Eighth Amendment claim against him.  Further, we agree with  Defendant that

he is not mentioned in the only Grievance Plaintiff filed pertaining to the October 15, 2005

incident.  (Doc. 33, Ex. A att. to Ex. 2).

We recognize that in *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007), the Supreme Court

held that the failure to name defendants under the Michigan State grievance procedure (MDOC)

did not amount to a failure to exhaust.  However, the Michigan State grievance procedure did not

require that the inmate had to name the specific prison staff in his grievance.  *See Buehl v. Beard*,

2007 WL 1830616, * 7, n. 8 (W.D. Pa.)  The Court in *Buehl* stated that, while the MDOC policy

did not require an inmate to identify specific prison staff involved with his grievance, the

Pennsylvania DOC grievance policy does have such a requirement.

The *Buehl* Court stated:

The Court in *Spruill* has already held that the Pennsylvania DOC's
grievance policy does contain such a requirement to name

responsible individuals and that "[t]he purpose of the regulation here is to put the prison officials on notice of the persons claimed to be guilty of wrongdoing." *Spruill,* 372 F.3d at 234.

*Id.*

The *Buehl* Court further stated:

This court understands *Bock* to state that whereas Congress' intent in the PLRA's statutory exhaustion requirement was not thought to have as one of its leading purposes early notice, such a purpose may have been a subordinate purpose.  Even if not a subordinate purpose of the Congress, early notice can be a purpose of the state policy (which provides the yardstick by which to measure exhaustion) and as *Spruill* seemed to at least imply, was such a purpose of the DOC policy.  Even if not a purpose of the DOC policy, it is clear, regardless of the purpose of the requirement, that *Spruill* requires the prisoner-grievant-plaintiff to name in the grievance those he eventually sues, upon pain of procedural default.  *See, e.g., Williams v. Pennsylvania, Dep't of Corrections*, 146 Fed.Appx. 554, 557 (3d Cir. 2005) ("his failure to identify defendants Herbert, Street, or Smith in either of his two grievances, means that he failed to exhaust his administrative remedies in accordance with Pennsylvania's grievance process and the PLRA.").

*Id.*

The *Buehl* Court concluded:

Moreover, under *Spruill*, it is a Plaintiff's burden to explain why he did not name a defendant in the grievance.  *See Spruill*, 372 F.3d at 234 (Spruill did not [name Brown in his grievance] and has offered no explanation for his failure to do so.").  Plaintiff has offered no affidavit as to why he did not name the Defendants herein in his grievances.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, n. 17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) ("This statement, being unsworn, does not meet the requirements of Fed.Rule Civ.Proc. 56(e)"); *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 812 (Fed.Cir. 1999) ("Unsworn statements set forth in a brief or memorandum of law submitted by a party generally are not proper summary judgment evidence."); *Thornton v. U.S.*, 493 F.2d 164, 167 (3d Cir. 1974) ("A statement in a brief or in oral argument

does not constitute evidence."); *Chaiken v. VV Publishing Corp.*, 119 F.3d 1018, 1033 (2d Cir. 1997) ("Moreover, their unsworn letters do not satisfy the requirements of Fed.R.Civ.P. 56(e) and therefore cannot defeat VV's motion for summary judgement.") In light of the foregoing, and in the face of Defendants' explicit argument that Plaintiff procedurally defaulted his claims against all defendants not specifically named in the grievance, the Plaintiff has not carried his burden under *Spruill* with respect to explaining why he failed to name the DOC Defendants in the grievances.

*Id.* at * 8.

In the present case, as in *Buehl*, Defendant Ellers has argued that Plaintiff has procedurally defaulted his Eighth Amendment claim against him since Defendant was not specifically mentioned in Plaintiff's grievance and since Plaintiff's Grievance No. 138425, while it mentioned the October 15, 2005 incident, did not raise his present Eighth Amendment claim against Defendant Ellers. Nor has Plaintiff met his burden under *Spruill* and stated why he did not specifically mention Ellers and his Eighth Amendment claim against Defendant Ellers in his grievance. In fact, as stated, Plaintiff's grievance complained only about his personal property that was missing after it was packed following the assault incident.

In *Banks v. Roberts*, 2007 WL 3096585, *1 (3d Cir.)(Non-Precedential), the Court indicated that dismissal is mandatory if exhaustion was not completed when the inmate filed his action in federal court.

As Defendant correctly recognizes (Doc. 32, pp. 7-8), in *Harris v. Armstrong*, 149 Fed. Appx. 58, 59-60 (3d Cir. 2005), the Third Circuit held that there are three possible exceptions to the mandatory exhaustion requirement. The *Harris* Court stated,

"that a prisoner's civil rights case may be heard on the merits notwithstanding the failure to file a DC-ADM 804 grievance

22

> under certain limited circumstances. *See Camp v. Brennan*,
> 219 F.3d 279, 281 (3d Cir. 2000) (exhaustion requirement met
> where Office of Professional responsibility fully examined
> merits of excessive force claim and correctional officers may
> have impeded filing of grievance). *See also Brown v. Croak*,
> 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner with
> failure to protect claim is entitled to rely on instruction by
> by prison officials to wait for outcome of internal security
> investigation before filing grievance). *Cf. Ray v. Kertes*, 285
> F.3d 287, 297-98 (3d Cir. 2002) (declining to decide question
> whether prisoner may satisfy exhaustion requirement in course
> of proceedings charging prisoner with misconduct under DC-
> ADM 801)."

*Id.*

However, we agree with Defendant (*Id.*) that none of the exceptions apply to Plaintiff Hemingway to excuse his admitted failure to exhaust his DOC Administrative Remedies despite his claim that he was "threatened with retaliation if he followed through" on his grievance he filed. (Doc. 1, p. 1, ¶ II.).   First and foremost, the undisputed evidence of Defendant shows that the only grievance Plaintiff filed at SCI-Rockview after the October 15, 2005 assault incident was his Grievance No. 138425, in which he complained that his personal property was missing after it was packed while he was undergoing treatment for his injuries and he requested that his missing property either be replaced or that he be reimbursed by the prison for it.  This Grievance did not mention any claim against Defendant Ellers or the medical care Plaintiff received after the assault incident.   (Doc. 33, Ex. 2, ¶ 9., Declaration of SCI-Rockview Grievance Coordinator Rackovan, and Ex. A attached thereto).  Also, as stated, Defendant's evidence shows that Plaintiff did not file any other grievance while he was at SCI-Rockview pertaining to the October 15, 2005 assault incident.  (Doc. 33, Ex. 2).  Grievance Coordinator Rackovan also avers that "[n]o one at SCI-

Rockview ever informed me that [Plaintiff] was being threatened with retaliation of any sort if he filed a Grievance concerning any issue involving his treatment since October 15, 2005." (*Id.*, ¶ 14.). Grievance Coordinator Rackovan's Declaration is not controverted by any evidence submitted by Plaintiff, including his Doc. 52 Exhibits.

As Defendant notes (Doc. 32, p. 8, n. 1), even if Plaintiff was threatened if he pursued his DOC Administrative Remedies, as he claims on the face of his pleading without having offered any evidence in support[15], it has been held that a threat of retaliation or bodily harm is not a valid reason to fail to exhaust administrative remedies. In *Griffin v. Samuels*, 2008 WL 961241 (D.N.J.), the Court held, "[t]he fact that Plaintiff attempts to assert immediate harm ... does not alter the exhaustion requirement." The Court further stated that, "[e]ven if [a] threat was made, it cannot excuse Plaintiff's failure to seek administrative remedies at any level. While a failure to exhaust may be excused if prison officials refused to provide grievance forms to an inmate, Plaintiff here agrees that he was in fact given the requested form." *Id. See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir.2003). Our Plaintiff also was provided with a DOC Grievance form after the October 15, 2005 incident since he filed Grievance No. 138425 on December 15, 2005. (Doc. 33, Ex. A attached to Ex. 2).

In addition, as discussed, Plaintiff only avers that he was threatened if he pursued his grievance about his missing personal property and the attack by the fellow inmate, and not about any other grievance he may have filed regarding his instant Eighth Amendment claim that

---

[15]As stated, Plaintiff only alleged he was threatened to be transferred if he pursued his grievance regarding his claim that his personal property was missing.

Defendant Ellers denied him proper medical care claim after the October 15, 2005 assault incident. Plaintiff did not aver who threatened him if he pursued his December 15, 2005 Grievance, and he never complained to Rackovan that he was threatened with retaliation if he filed a grievance about any issue regarding his treatment after the October 15, 2005 incident.  Notwithstanding Plaintiff's claim that he was threatened not to pursue his December 15, 2005 Grievance, as stated above, Plaintiff did in fact file a court action, as is evidenced by this very case.  Thus, the Court finds no merit to Plaintiff's claim that exhaustion should be excused due to threats of retaliation, especially since he only specifically claimed that he was threatened if he pursued his grievance with respect to his missing property claim. (Doc. 1, p. 2-D).  The undisputed evidence of Defendant shows that Plaintiff did not file any grievance about his alleged lack of proper medical care by Defendant Ellers after the October 15, 2005 incident, and he did not specifically claim any retaliation with respect to his present Eighth Amendment denial of proper medical care claim.

Based on the undisputed evidence submitted by Defendant Ellers, the Court finds that Plaintiff did not exhaust his DOC available administrative remedies as required with respect to his instant Eighth Amendment claim.  There is no claim by Plaintiff that he was denied access to file a grievance with respect to his instant Eighth Amendment claim, and he has not disputed the Defendant 's evidence that he only filed a grievance that pertained to the loss of his personal property which was packed after the October 15, 2005 attack. As the *Harris* Court stated, "[inmate Harris's] DC-ADM 804 grievance, ..., concerning the loss of his personal property is wholly unrelated, and furthermore, it serves to show that Harris was not on grievance restriction, and was aware of the grievance procedures, and could have made use of them to pursue his failure to

protect claim." 149 Fed. Appx. at 60.

Therefore, the Court will grant Defendant's Summary Judgment Motion since the evidence is undisputed that Plaintiff failed to exhaust his administrative remedies available at the prison with respect to his Eighth Amendment claim.  Since the Court finds that Plaintiff cannot maintain this case as against Defendant Ellers since he has failed to exhaust his administrative remedies before he filed this action, the Court will not address the remaining two arguments asserted by Defendant in support of his Summary Judgment Motion.  *See  Farrell v. Beard*, 2006 WL 2828862 (M. D. Pa.); *Lasko v. Hendershot*, 2006 WL 2828787 (M.D. Pa.).[16]

---

[16]As this Court in *Lasko* noted, since the exhaustion issue is a threshold issue, there is no need to consider the remaining arguments in support of Defendant's Motion for Summary Judgment (Doc. 32, pp. 9-14).  *See Lasko*, 2006 WL 2828787 at * 5, n. 3.

Even if the Court found that Plaintiff exhausted his present Eighth Amendment claim against Defendant Ellers, based on Defendant 's undisputed evidence, as discussed in Defendant's Brief (Doc. 32, pp. 10-12), Defendant was not  deliberately indifferent to Plaintiff's serious medical needs after the October 15, 2005 assault incident at SCI-Rockview. Thus, the Court agrees with Defendant that he would be entitled to summary judgment on the merits with respect to Plaintiff's Eighth Amendment claim against him.

Defendant Ellers also avers that he is not involved in any "hands on" care of inmates, does not administer shots, take temperatures or develop treatment plans.  (Doc. 33, Ex. 3, p. 58, ¶ 5.).  His sole purpose is to provide access for inmates to a physician and not to determine the appropriate treatment of the inmates.  (*Id.*, ¶ 6.).  Treatment plans and decisions were made by actual physicians and physician's assistants, and Defendant Ellers could not overrule these decisions.  (*Id.*, ¶'s 7.-8.).  All of these averments are evidenced by Defendant Ellers' undisputed Declaration.  (Doc. 33, Ex. 3).

Since Defendant Ellers' sole purpose, as stated in his Declaration, was to provide inmates with access to physicians and not to decide, change or discuss the actual treatment of the inmate, he was clearly not  personally involved in the decision to reduce or discontinue any treatment for Plaintiff.   Further, there is no evidence  to show that Defendant Ellers was even aware that Plaintiff's treatment had been reduced or discontinued.


Based on the above, Defendant's Motion for Summary Judgment will be granted.

An appropriate Order and Judgment will be issued.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 12, 2008**

27

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYLVAN HEMINGWAY, | : | CIVIL ACTION NO. **4:CV-07-1764** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| RICH ELLERS, | : | |
| | : | |
| Defendant | : | |

## ORDER AND JUDGMENT

**AND NOW, this 12th day of August, 2008, IT IS HEREBY ORDERED THAT:**

1.  Defendant Ellers's Motion for Summary Judgment **(Doc. 30)** is **GRANTED**.

2. Judgment is hereby entered in favor of Defendant Ellers and against Plaintiff Hemingway.

3. The Clerk of Court is directed to close this case.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 12, 2008**

28